UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

___ FILED   ___ ENTERED
___ LOGGED   ___ RECEIVED

9:42 am, Oct 05 2022
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>BLACK ONN 10.1" 2 IN 1 WINDOWS TABLET INTERTEK M/N: 9901321, CURRENTLY AT THE HARFORD COUNTY CHILD ADVOCACY CENTER, 23 N. MAIN STREET, BEL AIR, MARYLAND 21014 | MISC NO.   22-2626-ADC<br><br>*FILED UNDER SEAL* |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR SEARCH WARRANT

I, Kristine L. Pierce, a Special Agent (SA) with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

### INTRODUCTION

1. I have been employed as an HSI Special Agent since July 2019. As part of the daily duties as an HSI Special Agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have gained experience through training in seminars, classes, and daily work related to conducting these types of investigations. Specifically, I have received formal training through HSI and other agencies in the area of child pornography, pedophile behavior, collectors of other obscene material, and internet crime. I have participated in the execution of numerous search warrants, of which the majority has involved child exploitation and/or child pornography offenses. Many of the child exploitation and/or child pornography search warrants resulted in the seizure of computers, cell phones, magnetic storage media for computers, other electronic media, and other items evidencing violations of federal laws, including various sections of 18 U.S.C. § 2252A involving child

exploitation offenses.  In the course of my employment with HSI, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media and within online accounts.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3. The facts set forth in this affidavit are based in part on information provided by the Harford County Sheriff's Office (HCSO) and on my experience and background as Special Agent with Homeland Security Investigations (HSI).  I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of 18 U.S.C. § 2251(a) (Production of Child Pornography); 18 U.S.C. §§ 2252(a)(2) & 2252A(a)(2) (Receipt or Distribution of Child Pornography); and 18 U.S.C. §§ 2252(a)(4)(B) & 2252A(a)(5)(B) (Possession of Child Pornography) are located within the Devices and Accounts described more fully below and in the Attachments.  I have not, however, omitted any fact that I believe would defeat a determination of probable cause.

## PURPOSE OF THIS AFFIDAVIT

4. This affidavit is submitted in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant to search the following:

    a. **BLACK ONN 10.1" 2 IN 1 WINDOWS TABLET INTERTEK, M/N:  9901321** (the "**TARGET DEVICE**")

5. Jason BRUEGGEMAN ("BRUEGGEMAN") is currently charged via an indictment with Sexual Exploitation of a Child and related offense, case no. LKG-22-227.

6. The TARGET DEVICE is located at the Harford County Child Advocacy Center,

23 N. Main Street, Bel Air, Maryland 21014 and is the property of BRUEGGEMAN. The TARGET DEVICE was turned over to a Harford County Sheriff's Detective on August 2, 2022, by a former roommate of BRUEGGEMAN's when they were cleaning out the house to move. The TARGET DEVICE was located in BRUEGGEMAN's bedroom at 332 Center Deen Avenue, Aberdeen, Maryland 21001. Based on the allegations therein and further facts set forth in this affidavit, there is probable cause to believe that the TARGET DEVICE contains evidence of violations of 18 U.S.C § 2252A(a)(2) (distribution of child pornography), 18 U.S.C § 2252A(a)(5)(B) (possession of child pornography), and 18 U.S.C. § 2251(a) (Sexual Exploitation of a Child). These items to be searched are described below with particularity in Attachment A, which are attached hereto and incorporated herein by reference.

**BACKGROUND ON CHILD PORNOGRAPHY, COMPUTERS, AND THE INTERNET**

7. Based on your Affiant's experience in child exploitation investigations and upon information provided to your Affiant by other law enforcement officers, the following can be true of child molesters/child pornographers:

   a. Computers and digital technology are the primary way in which individuals interested in child pornography interact with each other. Computers basically serve four functions in connection with child pornography: production, communication, distribution, and storage.

   b. Digital cameras and smartphones with cameras save photographs or videos as a digital file that can be directly transferred to a computer by connecting the camera or smartphone to the computer, using a cable or via wireless connections such as "WiFi" or "Bluetooth." Photos and videos taken on a digital camera or smartphone may be stored on a removable memory card in the camera or smartphone. These memory cards are often large enough to store thousands of high-resolution photographs or videos.

   c. A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Mobile devices such as smartphones and tablet computers may also connect to other computers via wireless connections. Electronic contact can be made to literally millions of computers around the world. Child pornography can therefore be easily, inexpensively and anonymously (through electronic communications) produced, distributed, and received by anyone with access to a computer or smartphone.

      d.   The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. Electronic storage media of various types – to include computer hard drives, external hard drives, CDs, DVDs, and "thumb," "jump," or "flash" drives, which are very small devices that are plugged into a port on the computer – can store thousands of images or videos at very high resolution. It is extremely easy for an individual to take a photo or a video with a digital camera or camera-bearing smartphone, upload that photo or video to a computer, and then copy it (or any other files on the computer) to any one of those media storage devices. Some media storage devices can easily be concealed and carried on an individual's person. Smartphones and/or mobile phones are also often carried on an individual's person.

      e.   Internet affords individuals several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.

      f.   Individuals also use online resources to retrieve and store child pornography. Some online services allow a user to set up an account with a remote computing service that may provide e-mail services and/or electronic storage of computer files in any variety of formats. A user can set up an online storage account (sometimes referred to as "cloud" storage) from any computer or smartphone with access to the Internet. Even in cases where online storage is used, however, evidence of child pornography can be found on the user's computer, smartphone, or external media in most cases.

      g.   As is the case with most digital technology, communications by way of computer can be saved or stored on the computer used for these purposes. Storing this information can be intentional (*i.e.*, by saving an e-mail as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files) or unintentional. Digital information, such as the traces of the path of an electronic communication, may also be automatically stored in many places (*e.g.*, temporary files or ISP client software, among others). In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. Such information is often maintained indefinitely until overwritten by other data.

## **CHARACTERISTICS COMMON TO INDIVIDUALS WHO POSSESS, RECEIVE, AND DISTRIBUTE CHILD PORNOGRAPHY**

      8.   Based on my previous investigative experience related to child exploitation investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who possess, receive, and distribute child pornography:

      a.   Such individuals may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

      b.   Such individuals may collect sexually explicit or suggestive materials in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media.  Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification.  Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

      c.   Such individuals almost always possess and maintain their hard copies of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location.  Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

      d.   Likewise, such individuals often maintain their child pornography images in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area.  These child pornography images are often maintained for several years and are kept close by, usually at the possessor's residence, inside the possessor's vehicle, or, at times, on their person, or in cloud-based online storage, to enable the individual to view the child pornography images, which are valued highly.  Some of these individuals also have been found to download, view, and then delete child pornography on their computers or digital devices on a cyclical and repetitive basis.

      e.   Importantly, evidence of such activity, including deleted child pornography, often can be located on these individuals' computers and digital devices through the use of forensic tools.  Indeed, the very nature of electronic storage means that evidence of the crime is often still discoverable for extended periods of time even after the individual "deleted" it.[1]

      f.   Such individuals also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/possessors, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses (including e-mail addresses), and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

      g.   Such individuals prefer not to be without their child pornography for any prolonged time period.  This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.  Thus, an individual uses a portable device (such as a mobile phone) to access the Internet and child pornography.

---

[1] *See United States v. Carroll*, 750 F.3d 700, 706 (7th Cir. 2014) (concluding that 5-year delay was not too long because "staleness inquiry must be grounded in an understanding of both the behavior of child pornography collectors and of modern technology"); *see also United States v. Seiver*, 692 F.3d 774 (7th Cir. 2012) (Posner, J.) (collecting cases, e.g., *United States v. Allen*, 625 F.3d 830, 843 (5th Cir. 2010); *United States v. Richardson*, 607 F.3d 357, 370-71 (4th Cir. 2010); *United States v. Lewis*, 605 F.3d 395, 402 (6th Cir. 2010)).

# SUMMARY OF PROBABLE CAUSE

# NATIONAL CENTER FOR MISSING AND EXPLOITED

# CHILDREN CYBERTIPLINE REPORT

9. On January 9, 2022, Kik sent CyberTipline Report # 115139843 to the National Center for Missing and Exploited Children (NCMEC) regarding the dissemination of seven possible Child Sexual Abuse Material (CSAM) images/videos. Kik provided the following suspect information:

| | |
|---|---|
| Email Address: | jasonbrueggeman@gmail.com |
| Screen/Username: | artisan219 |
| ESP UserID: | artisan219_1cn |
| IP Address: | 73.212.209.32 (Login) |
| | 01-08-2022 05:32:35 UTC |
| IP Address: | 192.42.116019 (Login) |
| | 10-24-201802:27 UTC |

In addition, Kik provided internet protocol (IP) addresses and date/time associated with each of the uploads of the CSAM video/image files that were distributed to another user or group of users. Kik provided the seven files that had been distributed by Kik username artisan219.

10. Your affiant viewed the NCMEC Cybertipline Report # 115139843. Below is a summary of the seven videos that artasan219 distributed on Kik:

- **cd16bae7-522c-401f-81d3-1cb63c7c5cfe.mp4** – depicts a young female performing oral sex on an adult female.
- **9d5b4714-ee9e-4079-a9ae-dcd9ad658761.mp4** – depicts pre-pubescent white female having vaginal intercourse with an adult male
- **04604146-dee5-4815-b4fe-b5e5e90dfe.mp4** – depicts a teenaged/young adult white female performing oral sex on a teenaged male
- **7f33866b-3950-448c-b579-2d7c5e753bb2.mp4** – same video as cd16bae7-522c-401f-81d3-1cb63c7c5cfe.mp4 – depicts a young female performing oral sex on an adult female.

- **42014b8c-ddaa-4ec9-8bad-7cb7d8a1a25e.mp4** – depicts a young female performing oral sex on an adult male.
- **38eec1e3-384b-4222-9e56-82134a107862.mp4** – same video as 42014b8c-ddaa-4ec9-8bad-7cb7d8a1a25e.mp4 – depicts a young female performing oral sex on an adult male.

11. On February 3, 2022, the HCSO/Internet Crimes Against Children Task Force (ICAC) received CyberTip Report # 115139843 from NCMEC. A search warrant for Google, Inc. and Kik were signed by the Honorable Judge Mimi R. Cooper of the District Court for Harford County on February 4, 2022.

### GOOGLE, INC. SEARCH WARRANT RETURN

12. On February 8, 2022, HCSO received the search warrant return from Google, Inc for the account jasonbrueggeman@gmail.com. Within the Google, Inc. search warrant return, the HCSO located several photographs and videos of a teenage light-skinned black or bi-racial female (herein referred to as minor victim 1 (MV1). The videos are taken at an upward angle and in front of a toilet.

13. Your affiant viewed the Google Inc. search warrant return and observed the videos of MV1. Below is a summary of one of the video files that was viewed on the Google, Inc. search warrant return:

- **QVR_2021_08_18_23_06_31-1h61tphytiyoy.mp4** – this video is taken of MV1 in an upward angle and in front of the toilet which shows the female pulling her skirt/underwear down and sitting on the toilet and then getting up. The video shows her naked vagina prior to pulling her bottoms garments all the way up.

14. During their review, the HCSO discovered more photographs that appeared to be surreptitiously taken of MV1 wearing light-blue satin "boyshorts", and two of MV1 wearing a black camisole with her nipple exposed.

1

15. Your affiant viewed the Google, Inc. search warrant return and observed the following images:

- **20211027_080404-1hd2xepbko34y.jpg** – depicted an image of MV1 wearing light-blue satin "boyshorts" (female boxer shorts) with the leg openings pulled up to the groin crease and a vaginal imprint could be seen. Next to the female in the photograph was a multi-colored comforter with square designs on it. This comforter could be seen on the teenaged female in a previous photograph in the google return (20211024_142852-1hcsgpf96rbyq.jpg).
- **20220106_090228-1hka1j4d5mhqa.jpg** – depicted an image of MV1 asleep in a somewhat seated position on a couch. She was wearing a black camisole and her left breast was exposed to the extent that the top half of her nipple was visible.
- **20220106_090237-1hka1j67kz836.jpg** – depicted an image of MV1 wearing the same outfit but being photographed from the above and at a closer viewpoint. Her breast and nipple were exposed in that viewpoint as well.

16. Several videos of child pornography not involving MV1 were also located within the Google, Inc. return. Your affiant viewed the Google Inc. search warrant return and observed several videos of CSAM. Below is a summary of one of the video files that was viewed on the Google, Inc. search warrant return:

- **d921007f-8603-4896-9a27-9ad-1hinp2xtpixs2.mp4** – this video is eighteen (0:18) seconds in length and depicts a naked prepubescent female laying down with an adult male ejaculating on her face.

**KIK SEARCH WARRANT RETURN**

17. On February 9, 2022, HCSO received the search warrant return for Kik user artisan219, ESP UserID: artisan219_1cn. Your affiant viewed the Kik search warrant return and observed several photographs of MV1. Below is a summary of two of the surreptitious image files that were viewed on the Kik search warrant return:

- **b8b5ed41-b0d6-48fe-8e64-c54c2be643aa.jpg** - depicts MV1 from the front naked from just below the waist down, showing her vagina
- **c83e43e8-0d15-438d-b73e-9acb8cb8fb0b.jpg** - depicts MV1 from below and behind removing her underwear and shows her vagina

1

These two images described above were also distributed to users on Kik along with several others.

- o Distributed by:     artisan219_1cn
     Distributed to:      imaginaryboat69_r1a
     Gallery:              b69660d2-3303-4240-bbf4-28626b0b9d0c
     IP Address:          73.212.209.32
     Date/Time:           2021-12-25 22:51:02
     - Depicts MV1 from the front naked from just below the waist down, showing her vagina

- o Distributed by:     artisan219_1cn
     Distributed to:      imaginaryboat69_r1a
     Gallery:              c10790ca-0865-4594-9cbe-8ae874675102
     IP Address:          73.212.209.32
     Date/Time            2021-12-25 22:51:04
     - Depicts MV1 from below and behind removing her underwear and shows her vagina

18. Your affiant viewed the Kik search warrant return and observed several Videos of CSAM. Below is a summary of two of the video files that were viewed on the Kik search warrant return:

- o **cd16bae7-522c-401f-81d3-1cb63c7c5cfe.mp4** – this video is forty-one (0:41) seconds in length and depicts a minor female performing oral sex on an adult female.
- o **38eec1e3-384b-4222-9e56-82134a107862.mp4** – this video is one minutes and twenty-three (1:23) seconds in length and depicts a minor female being orally penetrated by an adult male.

## INVESTIGATIVE FINDINGS

19. On February 8, 2022, HCSO obtained an emergency disclosure request for Comcast Cable for IP Address 73.212.209.32, which is the IP Address that the Kik Cybertip stated the child pornography was uploaded from. Comcast Cable responded with the following information on February 10, 2022:

Subscriber Name: David Frankel
Subscriber Address: 332 Center Deen Avenue, Aberdeen, Maryland 21001

20. Using law enforcement databases and public databases, HCSO conducted further research on 332 Center Deen Avenue, Aberdeen, Maryland 21001. According to the MVA David Henry Frankel resides at the above stated address. HCSO was able to locate a social media platform for David Frankel and was able to locate a photograph of MV1 who was the subject of **BRUEGGEMAN'S** surreptitious photographs. MV1 was later identified as the fourteen-year-old daughter of David Frankel.

21. Research conducted using law enforcement databases by the HCSO revealed a Maryland Vehicle Administration (MVA) record showing Jason Aaron **BRUEGGEMAN** (DOB: 02/19/1985), has an address of 332 Center Deen Avenue, Aberdeen, Maryland 21001.

22. On February 9, 2022, HCSO conducted surveillance at 332 Center Deen Avenue, Aberdeen, Maryland 21001. At approximately 0820 hours, **BRUEGGEMAN** was seen exiting 332 Center Deen Avenue with MV1 and walked towards **BRUEGGEMAN'S** 2016 Blue Ford Focus (MD 2EM1805), which was parked directly in front of 332 Center Deen Avenue.

## SEARCH WARRANT OF BUREGGEMAN'S RESIDENCE

23. On February 11, 2022, the HCSO, Maryland State Police, and Homeland Security Investigations (HSI) executed a state search warrant at **BRUEGGEMAN'S** residence. HCSO Detective Skica interviewed **BRUEGGEMAN** on February 11, 2022, and **BRUEGGEMAN** confessed to knowingly recording MV1 over the course of years, using his cell phone and another small "nanny cam" that was located in the house to produce the photographs and videos. **BRUEGGEMAN** admitted the Kik and Google accounts were his and the photographs and videos are located within the accounts because he put them there. **BRUEGGEMAN** admitted to

using Kik to engage others in sharing CSAM and stated he shared the videos of MV1 on Kik. HCSO seized two computer towers, a laptop, a cell phone and an iSmart Alarm.

24. **BRUEGGEMAN** was arrested and charged with sexual abuse to a minor, possession of child pornography, distribution of child pornography, and visual surveillance of another person in a private place without the consent of that person in that place.

25. On March 28, 2022, your affiant received the analysis of **BRUEGGEMAN**'s cell phone, a Samsung Galaxy S10 Plus, serial number: R58N51DJHCX and IMEI: 352695107544299 from an HSI Computer Forensic Analyst. Your affiant has reviewed the content from the device and discovered over 250 surreptitious images of MV1, to include those described above, as well as CSAM videos and images not of MV1. Below is a summary of one of the video files randomly selected that were viewed on the Samsung Galaxy S10 Plus:

- **6bff7f52-ff78-473e-912b-3d9b1c6cf86d.mp4** – this video is one minute and thirty-six seconds in length (1:36) and depicts a naked prepubescent female being anally penetrated by an adult male and then the adult male ejaculating on her. The adult male then spreads the semen over her vagina with his fingers.

26. On June 28, 2022, **BRUEGGEMAN** was indicted and charged with violations of 18 U.S.C. § 2251(a) (Production of Child Pornography); 18 U.S.C. §§ 2252(a)(2) & 2252A(a)(2) (Receipt or Distribution of Child Pornography); and 18 U.S.C. §§ 2252(a)(4)(B) & 2252A(a)(5)(B) (Possession of Child Pornography) under Criminal Case no. LKG-22-227.

27. On August 2, 2022, a former roommate and resident of **BRUEGGEMAN** brought the TARGET DEVICE to the Harford County Sheriff's Department. The TARGET DEVICE was found in **BRUEGGEMAN**'s former bedroom at 332 Center Deen Avenue in Aberdeen, MD, and was discovered as the residents were packing up to move out. The TARGET DEVICE is currently being held at the Harford County Child Advocacy Center.

**CONCLUSION**

Based on the foregoing, I respectfully submit that there is probable cause to believe that Title 18, United States Code, Section 2252(a)(2), which makes it a federal crimes to Possess Child Pornography (18 U.S.C. § 2252A(a)(5)(B)), Produce Child Pornography (18 U.S.C. § 2251(a), and Distribute Child Pornography (18 U.S.C § 2252A(a)(2)) and that there is probable cause to believe that evidence of these crimes can be found on the TARGET DEVICE belonging to BRUEGGEMAN.

In consideration of the foregoing, I respectfully request that this Court issue a search warrant to search the item described in Attachment A, which are incorporated herein by reference, and to seize any items located pursuant to the search as described in Attachment B which is incorporated herein by reference.

*Kristine L Pierce*
Special Agent Kristine L. Pierce
Homeland Security Investigations

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) on this __19th__ day of September, 2022

*A. David Copperthite*
HONORABLE A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

1